UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| JASHEEM PRENTISS,<br><br>                                Plaintiff,<br><br>     -against-<br><br>CITY OF NEW YORK, KIERAN ROSS, Individually<br>MATTHEW ARVELO, Individually, MATTHEW VARELA,<br>Individually, JOHN and JANE DOE 1 through 10, Individually,<br>(the names John and Jane Doe being fictitious, as the true names<br>are presently unknown),<br><br>                                Defendants. | **AMENDED<br>COMPLAINT**<br><br>24 CV 3778<br>(EK) (JAM)<br><br>Jury Trial Demanded |

------------------------------------------------------------------------------X

Plaintiff JASHEEM PRENTISS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JASHEEM PRENTISS is a thirty-year-old Black male who resides in Bronx, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, KIERAN ROSS, MATTHEW ARVELO, MATTHEW VARELA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

# FACTS

12. On February 26, 2023, at approximately 1:58 a.m., in the vicinity of Broadway and Weirfield Street, Brooklyn, New York, the individually named NYPD officers were personally involved in the unlawful use of excessive force, conducted an unreasonable search, and effected the false arrest and malicious prosecution of JASHEEM PRENTISS.

13. On the aforesaid date and at that time, plaintiff was lawfully walking on the sidewalk toward the Halsey Street J/M train, when he was approached without reasonable suspicion by defendants KIERAN ROSS, MATTHEW ARVELO, and MATTHEW VARELA.

14. The defendants ordered plaintiff to remove his hands from his pockets.

15. Plaintiff lawfully asked the defendants what the reason for the stop was.

16. In response, defendant ARVELO unreasonably grabbed plaintiff, tried to force plaintiff's hands out of his pockets, and then forced his body to the ground.

17. Defendant ROSS, ARVELO, and VARELA proceeded to, *inter alia*, pick plaintiff up, pull him back down to the ground, place knees on plaintiff's body, hold him to the ground, handcuff him, and unlawfully search his person.

18. Plaintiff was thereafter imprisoned in a NYPD police vehicle and transported to the 83rd Police Precinct by defendants without probable cause.

19. Defendants imprisoned plaintiff at the 83rd Precinct for approximately four hours before releasing him with two summonses issued by defendant ROSS. The first summons, No. 4442359240, falsely charged plaintiff with possession of a weapon; and the second summons, No. 4442359253, falsely charged plaintiff with disorderly conduct.

20. Defendant ROSS caused the summonses to be issued to plaintiff based on false allegations which he conveyed to the Kings County District Attorney's Office and to Kings

County Criminal Court, and which were likely to be used against him in the aforementioned legal proceeding. Specifically, defendant ROSS swore to false claims which formed the basis of the criminal charges of disorderly conduct filed against plaintiff and falsely alleged that a knife in plaintiff's pocket was purportedly illegally possessed. To the contrary, the knife was possessed for work and the possession of the knife did not violate any rules or statutes.

21. The summonses compelled plaintiff to appear in a New York City Criminal Court, located at 1 Centre Street, New York, New York on March 16, 2023, on which date plaintiff was informed all the false charges were dismissed and sealed.

22. As a result of defendants' actions, plaintiff sustained physical injuries to, without limitation, his left shoulder, his chest, left leg, and right hand.

23. Defendants ROSS, ARVELO, VARELA, and JOHN and JANE DOE 1 through 10 either directly participated and/or supervised in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of stopping individuals without reasonable suspicion or probable cause, falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

25. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed against NYPD, that NYPD officers, including the defendants, are insufficiently trained regarding the level of suspicion required to stop and search individuals and the use of force.

26. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff JASHEEM PRENTISS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

32. As a result of the foregoing, plaintiff JASHEEM PRENTISS sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of

his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The individually named defendant officers arrested plaintiff JASHEEM PRENTISS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

35. The defendant officers caused plaintiff JASHEEM PRENTISS to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The level of force employed by the individually named defendant officers was excessive, objectively unreasonable, and otherwise in violation of plaintiff JASHEEM PRENTISS'S constitutional rights.

39. As a result of the aforementioned conduct of the defendant officers, plaintiff JASHEEM PRENTISS was subjected to excessive force and as a result sustained needless pain

and suffering.

40. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Unlawful Search under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

42. The individually named defendant officers unlawfully searched plaintiff JASHEEM PRENTISS without reasonable suspicion or probable cause.

43. The defendant officers conduct violated plaintiff's right to be free from unlawful searches.

44. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The individually named defendants initiated, commenced, and continued a malicious prosecution against plaintiff JASHEEM PRENTISS.

47. The defendants caused plaintiff JASHEEM PRENTISS to be prosecuted without

any probable cause until the charges were dismissed on or about March 16, 2023.

48. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The individually named defendants created false evidence against plaintiff JASHEEM PRENTISS.

51. The defendants forwarded this false evidence to the Kings County District Attorney's Office and to Kings County Criminal Court to be used against plaintiff JASHEEM PRENTISS in legal proceedings.

52. As a result of defendants' creation and use of false evidence, plaintiff JASHEEM PRENTISS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

53. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiff JASHEEM PRENTISS, whose constitutional rights were being violated in their presence by other officers.

56. The defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff JASHEEM PRENTISS was subjected to excessive force, arrested, he was denied his right to a fair trial, and he was put in fear of his safety.

58. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures, and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and falsely arresting and maliciously prosecuting innocent citizens to justify said use of force. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff JASHEEM PRENTISS'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff JASHEEM PRENTISS.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff JASHEEM PRENTISS as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff JASHEEM PRENTISS as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff JASHEEM PRENTISS was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

69. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JASHEEM PRENTISS'S constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff JASHEEM PRENTISS of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force;

    C.    To be free from malicious prosecution;

    D.    To receive a fair trial; and

    E.    To be free from the failure to intervene.

71. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,

presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

74. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

75. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76. Plaintiff has complied with all conditions precedent to maintaining the instant action.

77. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. As a result of the foregoing, plaintiff JASHEEM PRENTISS was placed in apprehension of imminent harmful and offensive bodily contact.

80. As a result of defendant's conduct, plaintiff JASHEEM PRENTISS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

82. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(<u>Battery under the laws of the State of New York</u>)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Defendants made offensive contact with plaintiff JASHEEM PRENTISS without privilege or consent.

85. As a result of defendants' conduct, plaintiff JASHEEM PRENTISS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86. The individually named defendants battered plaintiffs. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

87. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(<u>False Arrest under the laws of the State of New York</u>)

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants arrested plaintiff JASHEEM PRENTISS without probable cause.

90. Plaintiff JASHEEM PRENTISS was detained against his will for an extended period of time and subjected to physical restraints.

91. As a result of the aforementioned conduct, plaintiff JASHEEM PRENTISS was unlawfully imprisoned in violation of the laws of the State of New York.

92. As a result of the aforementioned conduct, plaintiff JASHEEM PRENTISS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

93. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York)

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. The defendant officers initiated, commenced, and continued a malicious prosecution against plaintiff JASHEEM PRENTISS.

96. Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

97. Defendants caused plaintiff JASHEEM PRENTISS to be prosecuted without probable cause until the charges were dismissed on or about March 16, 2023.

98. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to

compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff JASHEEM PRENTISS.

101. Defendant CITY OF NEW YORK knew or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

102. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

103. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104. Upon information and belief, the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously prosecuted plaintiff, and who deprived plaintiff of his right to a fair trial.

105. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTEENTH CAUSE OF ACTION**
(N.Y.C. Administrative Code §§ 8-801 through 8-807)

106. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Plaintiff JASHEEM PRENTISS' rights to be free from excessive force, false arrest, denial of his right to fair trial, and malicious prosecution were violated by the conduct of the defendants which was in violation of New York City Administrative Code § 8-801 through 8-807.

108. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

109. Qualified immunity is no defense to this claim.

110. As a result of the foregoing, plaintiff JASHEEM PRENTISS is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff JASHEEM PRENTISS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
December 27, 2024

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff JASHEEM PRENTISS
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:  *Brett Klein*
>     _____
>     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JASHEEM PRENTISS,

                                    Plaintiff,

                                    24 CV 3778
-against-                                    (EK) (JAM)

CITY OF NEW YORK, KIERAN ROSS, Individually
MATTHEW ARVELO, Individually, MATTHEW VARELA,
Individually, JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                    Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132